**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCULLOCK, | CASE NO. 1:05-CV-01043-LJO-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION |
| v. | |
| J. WOODFORD, et al., | |
| Defendants. | |

I. Screening Order

    A.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint filed October 16, 2007, which was filed after the court dismissed the original and first amended complaints for failure to state a claim.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.  Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at Pleasant Valley State Prison, where plaintiff is presently incarcerated. Plaintiff names Jeanne Woodford, Director of the California Department of Corrections; James Yates, Warden of Pleasant Valley State Prison; Ronald Hansen, Associate Warden; William Allvarez, Health Care Manager, Dr. Ingrinosa; and Captain Beels as defendants. Plaintiff is seeking money damages and injunctive relief.

In his complaint, plaintiff alleges that in December 2004, he went to the "A" Yard medical clinic for hearing loss and pain in his left ear. He was given ear drops for ear wax. On January 4, 2005, he went to the clinic for an ear wash and was treated with cool water. His prescription for ear drops was continued but he was given no medication for pain. On January 27, 2005, he was given a wash with cool water which plaintiff states was futile. Plaintiff alleges that the clinic nurse told him at his last visit that there was scaring in the ear canal.

Plaintiff alleges that he has requested to be seen by an ENT doctor but as of the date of his complaint, his request has not been granted.

C.  Discussion

As plaintiff was previously informed, a prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation

must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff must allege sufficient facts to support a claim that each named defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer v. Brennan, 511 U.S. at 837. Plaintiff has once against failed to do so. Although plaintiff alleges that he disagrees with the treatment provided to him, such a disagreement is insufficient to state a claim for relief under section 1983.

Further, plaintiff has failed to allege that the named defendants were involved in the treatment of his ear. Plaintiff has failed to link any of the defendants to the conduct described in his complaint. As plaintiff was previously notified, supervisory personnel are generally not liable under

section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

      D.     Conclusion

      The court finds that plaintiff's complaint does not allege any claims upon which relief may be granted under section 1983. The Court therefore recommends that this action be dismissed. In doing so the court does not recommend that leave to amend be granted as plaintiff has had two opportunities to amend his complaint and has been unable to cure the deficiencies identified by the court.

      These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

**Dated:**   **February 25, 2008**          /s/ **Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE